20-352, 20-386
*Lev v. Thoms, Lev v. Lewin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-one.

PRESENT:
>
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
>> *Circuit Judges.*[*]

––––––––––––––––––––––––––––––––––––––––––––

EDWARD LEV,

>   *Plaintiff-Appellant,*

>       v.                                                      No. 20-352

MATTHEW THOMS, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS SUPERINTENDENT OF
FIVE POINTS CORRECTIONAL FACILITY,
ANTHONY J. ANNUCCI, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS ACTING COMMISSIONER
OF THE NEW YORK DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,

>   *Defendants-Appellees,*

––––––––––––––––––––––––––

[*] Judge Robert A. Katzmann, who was a member of the panel, died after the court conducted oral argument in this case. This appeal is decided by the two remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

JOHN DOE 1, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES AS DEPUTY COMMISSIONER OF THE
NEW YORK DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, JOHN DOE 2, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES AS UNIT
SUPERVISOR FOR THE FIVE POINTS CORRECTIONAL
FACILITY,

> *Defendants.*†

_____

EDWARD LEV,

> *Plaintiff-Appellant,*

> v.                                                  No. 20-386

DONNA LEWIN, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES AS SUPERINTENDENT OF HUDSON
CORRECTIONAL FACILITY, ANTHONY J. ANNUCCI,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS
ACTING COMMISSIONER OF THE NEW YORK
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION,

> *Defendants-Appellees,*

JOHN DOE 1, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES AS DEPUTY COMMISSIONER OF THE
NEW YORK DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, JOHN DOE 2, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES AS UNIT
SUPERVISOR FOR THE HUDSON CORRECTIONAL
FACILITY ADOLESCENT OFFENDER SEGREGATION
UNIT,

> *Defendants.*

_____

_____

† The Clerk of Court is directed to amend the caption to conform to the above.

2

FOR APPELLANT: DALLAS S. LEPIERRE, KATE CANTOLINA (Mario B. Williams, *on the brief*), NDH LLC, Atlanta, GA.

FOR APPELLEES: SARAH L. ROSENBLUTH, Assistant Solicitor General (Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Barbara D. Underwood, Solicitor General, New York State Office of the Attorney General, Albany, NY.

Appeal from judgments of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment entered on December 23, 2019, in No. 20-352 is **DISMISSED**, and the judgment entered on January 8, 2020 (No. 20-386), is **AFFIRMED**.

Edward Lev brought these § 1983 actions challenging aspects of his placement in solitary confinement, first at Hudson Correctional Facility, *Lev v. Lewin*, No. 19-cv-61 (BKS/DJS), 2020 WL 95432 (N.D.N.Y. Jan. 8, 2020) (the "Hudson Action"), and then at Five Points Correctional Facility, *Lev v. Thoms*, No. 19-cv-1387 (BKS/CFH), 2019 WL 7067045 (Dec. 23, 2019) (the "Five Points Action"). *See* 42 U.S.C. § 1983. In both actions, Lev alleged that the conditions of his confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. The district court granted summary judgment to defendants in the Hudson Action and dismissed Lev's amended complaint in the Five Points Action after determining in each case that Lev failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), before bringing suit. Lev timely appealed.

Lev was released from incarceration before oral argument was conducted in these consolidated appeals. The parties agree that his appeal in the Five Points Action (No. 20-352), in which Lev sought only declaratory and injunctive relief, is now moot. We therefore DISMISS that appeal. Lev maintains his appeal in the Hudson Action (No. 20-386),

3

however, in which he sought punitive damages in addition to injunctive and declaratory relief. He urges that the district court erred in granting summary judgment to defendants based on its determination that Lev failed to exhaust administrative remedies. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, and refer to them only as necessary to explain our decision in No. 20-386 to AFFIRM.

We review *de novo* the district court's grant of summary judgment. *Hubbs v. Suffolk County Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). The district court ruled that Lev failed to exhaust his administrative remedies because he did not file a grievance challenging the conditions of his confinement at Hudson Correctional Facility. Lev counters first that, under applicable regulations, his complaint about the conditions of his confinement was not subject to the grievance process because he was placed in solitary confinement as the result of a disciplinary proceeding.

Lev's argument relies on a misconstruction of an inmate grievance program regulation promulgated by the New York State Department of Corrections and Community Supervision. The applicable regulation provides that "an individual decision or disposition resulting from a disciplinary proceeding . . . is not grievable." N.Y. Comp. Codes R. & Regs. tit. 7, § 701.3(e)(2). Contrary to Lev's argument on appeal, this regulation does not bar inmates from filing grievances about conditions of a confinement that are *the result* of a disciplinary proceeding; instead, as the district court concluded, it bars inmates from filing grievances as a means of appealing the outcome of the disciplinary proceeding *itself. Cf. Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009) ("[W]hile the grievance procedure cannot be used to challenge the decision in a particular disciplinary proceeding which results in a sanction, it may be used to challenge the manner in which the sanction is imposed." (internal quotation marks and emphasis omitted)). Lev presents no persuasive argument in support of his strained reading of § 701.3(e)(2). The district court did not err in its interpretation.

Lev argues in the alternative that the grievance process prescribed by § 701.3(e)(2) was so opaque as to be unavailable to him, and for this independent reason, he was not required to exhaust his remedies. In support, he points to the Supreme Court's ruling that,

4

where a grievance procedure is "so opaque that it [is], practically speaking, incapable of use," it will be treated as "unavailable" to the inmate, and in such circumstances, the PLRA does not require exhaustion. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). But we agree with the district court that § 701.3(e)(2) is not "opaque" under *Ross*. Lev's argument to the contrary is premised on his implausible reading of § 701.3(e)(2), rejected above.[1] The district court therefore did not err in granting summary judgment to defendants in the Hudson Action based on Lev's failure to exhaust his administrative remedies.

* * *

We have considered Lev's remaining arguments on appeal and find in them no basis for reversal. The judgment of the district court in the Hudson Action, No. 20-386, is **AFFIRMED**, and Lev's appeal in the Five Points Action, No. 20-352, is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Even if § 701.3(e)(2) were subject to reasonable competing interpretations, the "Note" included in § 701.3(e) lends clarity to the text: it instructs that "[i]f an inmate is unsure whether an issue is grievable, he/she should file a grievance and the question will be decided through the grievance process." If Lev questioned whether his complaint was grievable, then § 701.3(e) gave him clear instructions for answering his question.